**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

In re:  **ALEX V. WILLIS,**                    Case No: **19-02160-5-DMW**

           **Debtor.**                                   **Chapter 13**

### MOTION TO CONVERT TO CHAPTER 7 OR DISMISS CASE

NOW COMES Gregory B. Willis ("Willis"), by and through his undersigned counsel of record, and hereby moves the Court pursuant to 11 U.S.C. § 1307 of the Bankruptcy Code and Rule 9014 of the Federal Rules of Bankruptcy Procedure for an Order Dismissing the Debtor's Petition, or, in the alternative, converting the case to one under Chapter 7. In support of this Motion, Willis shows unto the Court as follows:

1.      This Court has jurisdiction over the parties and the subject matter.

2.      The Debtor filed his voluntary Chapter 13 bankruptcy petition on May 10, 2019 ("Petition Date").

3.      This case is pending in the Eastern District of North Carolina and Joseph A. Bledsoe, III, has been appointed Trustee.

4.      Willis is a creditor of the Debtor and a party in interest in this matter. Willis has not yet filed a proof of claim.

### BACKGROUND

5.      This is the Debtor's second Chapter 13 filing since 2009, and there is an extensive litigation history surrounding the Debtor and Willis.

#### 2004 Complaint against Debtor

6.       On or about July 1, 2004, Willis filed a complaint against the Debtor in Carteret County Civil Superior file number 04-CVS-711 (the "2004 Carteret Case"). A copy of Willis's verified complaint in the 2004 Carteret Case is attached hereto as Exhibit "A" and incorporated by reference.

7.      Willis, at the time of the acts that formed the basis of the allegations in the 2004 Carteret Case, was the adopted son of the Debtor and was a minor.

8.      In the 2004 Carteret Case, Willis alleged that, during the year 2000, the Debtor intentionally committed unwarranted and offensive sexual contact with Willis, constituting an

assault and battery against Willis. Willis further alleged that the sexual contact caused severe emotional distress. Exhibit A, pp. 1-3.

9.      On or about December 10, 2007, on the eve of a jury trial in the 2004 Carteret Case, the Debtor executed a Release and Settlement Agreement, agreeing to pay Willis the amount of $120,000.00, and simultaneously executed a Confession of Judgment in the same amount. A copy of the Confession of Judgment is attached hereto as Exhibit "B" and incorporated by reference.

10.      The Confession of Judgment contained a provision stating that, if the amount of $120,000.00 was not paid to Willis on or before March 10, 2008, as mandated by the Release and Settlement Agreement, the Confession of Judgment would be entered against the Debtor. Exhibit B, pp. 1-2.

11.      The Debtor failed to make the $120,000.00 payment, and the Confession of Judgment was subsequently entered against the Debtor on March 24, 2008 (the "Judgment").

## 2008 Fraudulent Conveyance Suit against Debtor

12.      On April 14, 2008, Willis filed suit against the Debtor and the Debtor's Son, Alex V. Willis, Jr, in Carteret County Superior Civil file number 08-CVS-54 (the "2008 Carteret Case"). A copy of Willis' complaint in the 2008 Carteret Case is attached hereto as Exhibit "C" and incorporated by reference.

13.      In the 2008 Carteret Case, Willis alleged that, among other things, the Debtor had undertaken the following steps to fraudulently assets following filing of the 2004 Carteret Case and prior to entry of the Confession of Judgment:

a.      That the Debtor caused certain parcels of real estate to be transferred out of the Debtor's name and into the name of his son, Alex V. Willis, Jr.;

b.      that the Debtor received no value for the transfers;

c.      that the transfers occurred on December 21, 2006, and January 12, 2007, prior to entry of the Confession of Judgment against the Debtor on March 24, 2008; and

d.      that the transfers were made in an effort to fraudulently convey assets and impede Willis' efforts to collect on the Judgment. Exhibit C, pp. 1-4.

14.    On April 21, 2009,[1] the Honorable Russell Lanier, North Carolina Superior Court Judge, entered summary judgment in favor of Willis (the "Summary Judgment"). A copy of the Summary Judgment is attached hereto as Exhibit "D" and incorporated by reference.

15.    In the Summary Judgment, Judge Lanier set aside the above-referenced transfers of real estate and concluded that the Debtor had made the transfers with the intent to "hinder, delay or defraud" Willis.  Exhibit D, pp. 2-4.

### 2009 Bankruptcy Filing

16.    On April 13, 2009, two months after Judge Lanier's ruling on the Summary Judgment in open court, and eight days prior to its written entry, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in this Court in case number 09-02990-8-RDD (the "2009 Bankruptcy Case").

17.    Willis aggressively sought relief against the Debtor in the 2009 Bankruptcy Case through filing a proof of claim, filing a motion for relief from the automatic stay to pursue remedies against the Debtor's real property, and objecting to the Debtor's Chapter 13 Plan. Ultimately, the Debtor and Willis consented to a proposed course of action wherein the Debtor would liquidate his real property assets following confirmation of a plan. *See* 2009 Bankruptcy Case, Dkt. # 117 (consent order resolving Willis's motion for relief and objection to plan).

18.    Willis also initiated an adversary proceeding against the Debtor, objecting to the Debtor's discharge under 11 USC §1328(a)(4) and alleging nondischargeability of the Judgment (the "Adversary Proceeding"). A copy of Willis's complaint from the Adversary Proceeding is attached hereto as Exhibit "E" and incorporated by reference.

19.    Before the Adversary Proceeding could come to trial, the 2009 Bankruptcy Case was dismissed for the Debtor's failure to make plan payments, and the Adversary Proceeding was dismissed as moot.

20.    Since the dismissal of the 2009 Bankruptcy Case, the Debtor has failed and refused to pay on the Judgment, and no payments have been made other than payment related to a partition proceeding in which the funds representing the Debtor's interest in the partitioned property were directed to Willis by the Clerk of Court for Carteret County.

---

[1] The judgment was announced in open court on February 16, 2009.

21.     The above-referenced payment from the from the partition proceeding was credited against the Judgment, and the current balance owed by the Debtor is approximately $213,186.27.

### 2017 Complaint to Renew Judgment

22.     On or about December 19, 2017, Willis filed a complaint in Carteret County Civil Superior file number 17-CVS-1228 to renew the Judgment pursuant to N.C. Gen. Stat. 1-47.

23.     Following proper service on the Debtor, Willis obtained a Judgment by Default under Rule 55(b)(1) of the N.C. Rules of Civil Procedure on or about March 7, 2018.

24.     This default judgment successfully renewed the Judgment pursuant to North Carolina law.

### Motion to Convert or Dismiss

25.     Under 11 U.S.C. §1307(c) of the Bankruptcy Code, upon request of a party in interest, the court convert a bankruptcy case under Chapter 13 to a case under Chapter 7, or may dismiss the case, whichever is in the best interests of the creditors and the estate. This conversion may be for cause, including for the reasons enumerated in Section 1307(c).

26.     A conversion, or dismissal, may also be granted for the Debtor's lack of good faith in filing his or her Chapter 13 case. *In re Kestell*, 99 F.3d 146, 148 (4th Cir. 1996); *In re Tippett*, No. 08-00548-8-JRL, 2008 WL 2020348, at *1 (Bankr. E.D.N.C. May 8, 2008). A court's inquiry into the Debtor's "good faith" in filing is fact-intensive, and courts have looked to many factors, including "the nature of the debt, the timing of the petition, how the debt arose, the debtor's treatment of creditors before and after the petition was filed, and whether the debtor has been forthcoming with the bankruptcy court and the creditors." *Tippet,* 2008 WL 2020348, at *1.

27.     Here, the Debtor's conduct over the last twenty years compels Willis to seek conversion of the case, or alternatively, dismissal. The Debtor has repeatedly engaged in bad faith conduct regarding Willis, from the time of the initial sexual acts (Exhibit A, pp. 1-3), to the bad faith acts established by the Superior Court of Carteret County following the Debtor's attempt to avoid paying the Judgment through fraudulent actions (Exhibit D, pp. 3-4).

28.     Furthermore, more recently, following renewal of the Judgment by default in 2017, Willis proceeded against the Debtor through the North Carolina judgment collection process, up through the attachment and levy of Debtor's business property.

29.     Only after successful levy on the Debtor's business property did Debtor run to the bankruptcy courts to once again attempt to avoid Willis's satisfaction of this Judgment.

30.     Upon information and belief, the Debtor has sufficient assets to satisfy the Judgment but has no intention to ever voluntarily pay Willis, and has filed the instant Chapter 13 in another attempt to continue said avoidance.

31.     Further, Willis believes that the instant filing is intended to be used as a delay tactic to provide time for Debtor to dispose of and secret assets otherwise available to pay the Judgment.

32.     The Debtor has shown no regard for the court system, and has attempted to hide assets from the courts and from Willis for more than ten years, as shown by the Debtor's previous contempt for the legal process and disregard for proper legal procedure concerning the Judgment.

WHEREFORE, Willis prays that the Court:

1.     Convert the case to one under Chapter 7, for cause, and immediately appoint a Trustee to perform statutory duties for the benefit of the estate;

2.     That in the event Conversion is denied, that the Debtor's case be dismissed, for cause, to allow Willis to pursue his state court remedies; and

3.     For such other and further relief as the Court deems just and proper.


DATED:  May 20, 2019          /s/ Christopher J. Waivers
                              Christopher J. Waivers
                              N.C. State Bar No. 48283
                              cwaivers@whiteandallen.com

                              /s/ John C. Bircher III
                              John C. Bircher III
                              N.C. State Bar No. 24119
                              jbircher@whiteandallen.com
                              White & Allen, P.A.
                              Attorneys for Gregory B. Willis
                              P.O. Drawer U
                              New Bern, NC  28563
                              Tel.: 252.638.5792
                              Fax: 252.637.7548

EXHIBIT

A

FILED

2004 JUL -1 AM 11: 39

CARTERET COUNTY C.S.C.

BY: M

NORTH CAROLINA                           IN THE GENERAL COURT OF JUSTICE

CARTERET COUNTY                          SUPERIOR COURT DIVISION
                                         File No. 04 CVS 711

GREGORY B. WILLIS                )
      Plaintiff                  )
                                 )
      Vs.                        )          COMPLAINT
                                 )
ALEX V. WILLIS,                  )
      Defendant                  )

        NOW COMES the plaintiff, claiming of the defendant, and alleges and says:

                          FIRST CLAIM FOR RELIEF

1.        The plaintiff, Gregory B. Willis, is a citizen and resident of Carteret County,

North Carolina.

2.        The defendant, Alex V. Willis, is a citizen and resident of the State of North

Carolina.

3.        Tina L. Willis is the plaintiff's mother.  Ms. Willis married  the defendant on 24

July 1993, and they are still intermarried at this time.  The defendant adopted the plaintiff in the

year 2000.

4.        A complaint for absolute divorce and equitable distribution was filed by Ms. Willis

against the defendant on 20 April 2004 in Carteret County.

5.        In the year 2000, and at other times in close proximity thereto, the defendant

intentionally committed unwarranted and offensive sexual contact with the plaintiff.  This conduct

constituted an assault and battery against the plaintiff.  This conduct includes, but is not limited

to, the following:

1

A.    When the plaintiff was fourteen (14) years old, the defendant told the plaintiff that there was nothing wrong with males performing sexual acts with each other and that he wanted to perform oral sex with the plaintiff.   When the plaintiff was not interested in participating in sexual acts with the defendant, the defendant "grounded" the plaintiff, punished him and otherwise threatened to abandon the plaintiff and Ms. Willis if the he did not allow the defendant to perform oral sex.

B.    At about the same time, the defendant entered the plaintiff's bedroom and tried to engage in offensive contact with the plaintiff.   Initially, the plaintiff refused to participate, and the defendant threatened, again, to remove the plaintiff and Ms. Willis out of the home. Based on the defendant's threats and assurance that these acts were "normal," the plaintiff unwillingly allowed the defendant to perform oral sex.

C.    From the time the plaintiff was fourteen (14) until after he turned fifteen (15) the defendant coerced the plaintiff into participating in oral sex, and otherwise engage in offensive contact with the defendant on numerous occasions.

D.    When the plaintiff was fifteen (15), the defendant woke Gregory up lat at night and took him into the den.   He wanted to "go further" with the plaintiff; however, Ms. Willis walked in and stopped the defendant.

6.        This contact by the defendant with the plaintiff was done and performed without his consent or provocation.

7.        This conduct by the defendant toward the plaintiff placed him in great fear and apprehension of the defendant.   The plaintiff became afraid of further offensive contact by the defendant, and of other punishments or repercussions if he refused the defendant's request.

2

8.      These acts of the defendant against this child constitute indecent liberties and sexual assault in violation of North Carolina General Statue 14-202.1.

9.      The plaintiff has been offended, humiliated and damaged by the defendant's assaults and unwanted contact. He is entitled to compensatory damages against the defendant in an amount exceeding $10,000.00.

## SECOND CLAIM FOR RELIEF

1.      The plaintiff incorporates by reference all of the allegations of the first claim for relief as if fully set forth herein.

2.      The sexual advances and sexual contact committed by this defendant against the minor plaintiff constitute extreme and outrageous conduct by the defendant against the plaintiff. At the time of the commission of these acts, the defendant was approximately 50 years old. As set forth above, the plaintiff was approximately 14-15 years old. The defendant was, in many respects, standing in the place of a parent for this child.

3.      In addition to committing sexual assault and sexual intimidation against this child, the defendant engaged in conduct designed to frighten the child and persuade him not to reveal his conduct. The defendant frightened and intimidated him in effort to protect himself.

4.      The defendant's conduct was intended to, and did in fact, cause this plaintiff severe emotional distress.

5.      The defendant's conduct has been outrageous, wanton and wilful. The plaintiff is entitled to punitive damages in an amount exceeding $10,000.00.

WHEREFORE, the plaintiff prays the court as follows:

1.      For compensatory damages against the defendant in an amount exceeding

$10,000.00.

2.          For punitive damages against this defendant in an amount exceeding $10,000.00.

3.          For trial by jury.

4.          For his costs and such other and further relief as to this court seems just and

proper.

This the _28_ day of June, 2004.

J. Randal Hunter
Hunter Bircher, LLP
Attorney for Plaintiff
P. O. Box 567
New Bern, NC  28563
(252) 638-3222

4

NORTH CAROLINA

CRAVEN COUNTY

Gregory B. Willis, first being duly sworn, deposes and says: That he is the plaintiff in the foregoing action; that he has read the foregoing complaint and that the statements contained therein are true to his own knowledge except as to those matters stated on information and belief and as to those matters he believes them to be true.

_____
Gregory B. Willis

Sworn to and subscribed before me this the 22 day of June 2004.

2004.

_____
Notary Public

My Commission Expires: 2/16/06

EXHIBIT

B

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
CARTERET COUNTY                      SUPERIOR COURT DIVISION
                                   FILE NO. ~~04-CVS-711~~

                                        08 CVS 408

GREGORY B. WILLIS,                 )
                                   )
        Plaintiff,                 )
                                   )
           v.                      )
                                   )
ALEX V. WILLIS,                    )
                                   )      CONFESSION OF JUDGMENT
        Defendant, and             )
        Third Party Plaintiff      )
                                   )
           vs.                     )
                                   )
TINA B. WILLIS,                    )
                                   )
        Third Party Defendant      )


        Alex V. Willis, a citizen and resident of Carteret County,
North Carolina, being the ~~prospective~~ Defendant in the above-
captioned action and desiring to confess judgment in favor of
Gregory B. Willis and Tina B. Willis, citizens and residents of
Catawba and Wake Counties respectively, the ~~prospective~~
Plaintiffs, do hereby file with the Clerk of the Superior Court
of Carteret County, North Carolina, this signed and verified
statement in writing authorizing the entry of judgment against
him for the amounts of money as hereinafter specified.

                    <u>CONFESSION OF LIABILITY</u>:

        Alex V. Willis is a citizen and resident of Carteret
County, North Carolina.

        Gregory B. Willis is a citizen and resident of Catawba
County, North Carolina, and Tina B. Willis is a citizen and
resident of Wake County, North Carolina.

        Alex V. Willis has executed simultaneously herewith a
Release and Settlement Agreement whereby he has agreed to pay to

*A V W*

*Gregory Willis*

the prospective Plaintiffs the sum of ONE HUNDRED AND TWENTY THOUSAND DOLLARS ($120,000) if payment of other amounts are not made by March 10th, 2008.

Alex V. Willis executes this Confession of Judgment in order to secure his obligation as contained in the Release Agreement and further agrees that in the event that he shall fail to pay the amounts as provided in the Release Agreement on or before March 10th, 2008, then this Judgment shall therein be entered.

Alex V. Willis adopts and incorporates herein all of the above statements and does specifically authorize and request the Clerk of the Superior Court of Carteret County to enter judgment against him and in favor of the Gregory B. Willis and Tina B. Willis in the sum of ONE HUNDRED TWENTY THOUSAND DOLLARS ($120,000) with interest thereon at the legal rate from the 11th day of March, 2008, until paid in the event he shall fail to make payments as provided in the Release Agreement.

Alex V. Willis, first being duly sworn, deposes and says that he has executed and acknowledged this Confession of Judgment; that he has read the foregoing Confession of Judgment and that it is true and he does hereby authorize and direct entry of said judgment against him and does verify this statement and swears to its truthfulness.

_____ (SEAL)
ALEX V. WILLIS

NORTH CAROLINA

CARTERET COUNTY

I, Jaclyn I. Alter            , Notary Public, do hereby certify
that Alex V. Willis personally appeared before me and
acknowledged the due execution of the foregoing instrument.

Witness my hand and notarial seal this the 10th day of
December, 2007.


Jaclyn I. Alter
Notary Public
Name: Jaclyn I. Alter
My commission expires:
11-5-2012

## ORDER

And the Clerk finding therefrom that Alex V. Willis has entered into a Release Agreement with Gregory B. Willis and Tina B. Willis providing for payments as specified therein and further providing that in the event said payments are not made at the later of March 10th, 2008, then Judgment against Alex V. Willis in the amount of $120,000.00 has been hereby confessed, and the Court further finds that Alex V. Willis has authorized entry of Judgment as set out in his Confession of Judgment which is incorporated by reference herein in its entirety, the same as if fully set out.

NOW THEREFORE, upon the confession of the Defendant Alex V. Willis entered in this cause and under the authority of and in accordance with the terms of North Carolina General Statutes, Chapter 1A-1, Rule 68.1, IT IS ORDERED, ADJUDGED AND DECREED that Gregory B. Willis and Tina B. Willis have and recover of Alex V. Willis the sum of $120,000.00.

And the Court does further find that in the event Alex V. Willis shall fail to pay the amount as provided in the Release Agreement on or before March 10th, 2008, then the entire obligation shall bear interest at the legal rate from the 11th day of March, 2008, until paid.

This 10th day of December, 2007.

_____

Asst. Clerk of Superior Court

## RELEASE AND SETTLEMENT AGREEMENT

KNOW ALL MEN BY THESE PRESENTS that Gregory B. Willis and Tina B. Willis, hereinafter referred to as Releasors, hereby release Alex V. Willis, herinafter Releasee, this 10th day of December, 2007, as is more particularly described herein.

In consideration of the compromise of disputed claims and the agreement by Releasee to pay to Releasors the sums of money hereinafter provided, Releasors do voluntarily and knowingly execute this Release and Settlement Agreement with the express intention of effecting the extinguishment of all obligations and claims which may heretofore have existed between Releasors and Releasee.

1. Releasors do for themselves, their heirs and assigns, and personal representatives hereby RELEASE, ACQUIT AND FOREVER DISCHARGE Releasee, his heirs and assigns from any and all claims, actions or causes of action, demands, damages (both actual and punitive), costs, judgments, expenses, liabilities, attorneys' fees and legal costs, injunctive or declaratory relief, whether known or unknown, whether in law or in equity, whether in tort or contract, of any kind or character, including without limitation, and from whatsoever cause arising or from whatsoever act or omission arising, which they now have, or might otherwise have, against Releasee, arising from any action taken by Releasee to or against Releasors all to the end that all claims or matters that are, or might be, in controversy between Releasors and Releasee are forever put at rest, it being Releasors' clear intention to forever discharge and release all their past, present, and future claims against Releasee for all consequences resulting or potentially to result from the aforementioned events including, but not limited to, those matters set forth in that certain action pending in Carteret

County, North Carolina, entitled Gregory B. Willis v. Alex V.
Willis v. Tina B. Willis, File No. 04 CVS 711. *except for any claim that may be pending between Alex Willis and Tina Willis pursuant to Chapter 50 or*

2. Releasors further agree that Releasee admits no *unless*
liability of any sort and specifically denies each and every
allegation or claim made by Releasors of any sort and that this
settlement in compromise is made in the interest and to
terminate further controversy in respect to all claims that the
Releasors presently assert or might have asserted, because of
the events described in Paragraph 1 above as well as those
events described in the male Releasor's Complaint in the above
reference Carteret County action.

3. Releasors agree not to disclose the terms of this
agreement to any person, agency, institution, or other entity
unless Releasee agrees to such disclosure in advance and in
writing. Specifically, the Releasors agree not to disclose any
terms of this Release and Settlement Agreement to any
individual, newspaper or news media source.

4. Releasors hereby warrant that no representations about
the nature or the extent of any claims, demands, damages or
rights that they allegedly may have against Releasee have been
made to them or to anyone acting on their behalf to induce them
to execute this Release and Settlement Agreement, and they rely
on no such representations; that they have fully read and
understand this Release and Settlement Agreement before signing
their names; and that they act voluntarily and with full advice
of counsel.

5. Releasor, Gregory Willis, agrees to dismiss with
prejudice his claims as contained in above referenced action
pending in the General Court of Justice, Superior Court
Division, Carteret County, North Carolina, and Releasee agrees
to dismiss with prejudice the counterclaims contained in his

answer and the Third Party Complaint against Tina Willis which is contained in his Third Party Complaint.

6.    In the event for any reason that any provision or portion of this Release and Settlement Agreement shall be found to be void or invalid, then such provision or portion shall be deemed to be severable from the remaining provisions or portions, and it shall not affect the validity of the remaining portions, which portions shall be given full effect as if the void or invalid provision or portion had not been included herein.

7.    Releasee agrees to pay to Releasors the sum of $80,000 on or before the 10th day of January, 2008.   In the event Releasee does not pay said sum by January 10th, 2008, then Releasee shall pay to Releasors the sum of $90,000 on or before the 10th day of March, 2008.   If Releasee does not pay the amounts provided by January 10th or March 10th, 2008, then Releasee shall confess judgment in a form attached hereto in favor of Releasors in the amount of $120,000.

8.    Releasors agree that L. Patten Mason, Counsel for Releasee, shall hold the Confession of Judgment and upon notification that the amount specified herein has been paid, he shall have the right to destroy said Confession of Judgment.   In the event, however, that Releasee does not pay either amount specified herein by March 10th, 2008, L. Patten Mason shall deliver said Confession of Judgment to Releasors' counsel, J. Randal Hunter, or Stephen M. Valentine.

9.    Upon payment of said amounts on or prior to March 10th, 2008, Releasors or their attorneys, J. Randal Hunter and Stephen M. Valentine shall deliver to L. Patten Mason the original of a tape recording of a conversation between the Releasee and Gregory Willis as well as all copies thereof and all other form or reproduction of said tape including CDs and transcripts.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals this the 10th day of December, 2007.

<u>CAUTION -- READ BEFORE SIGNING</u>

_____ (SEAL)
GREGORY B. WILLIS

_____ (SEAL)
TINA B. WILLIS

_____ (SEAL)
ALEX V. WILLIS

We consent to the above provisions and agree to abide by the terms thereof as it relates to the attorneys to said action.

_____
J. Randall Hunter

_____
L. Patten Mason

_____
Stephen M. Valentine

**EXHIBIT**

_C_

STATE OF NORTH CAROLINA

COUNTY OF CARTERET

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 08-CvS- 541

CARTERET COUNTY, C.S.C.

GREGORY B. WILLIS,
          Plaintiff,

vs.

ALEX V. WILLIS, SR. and,
ALEX V. WILLIS, JR.
          Defendants.

)
)
)
)
)
)
)
)
)
)

**COMPLAINT**

NOW COMES the Plaintiff complaining of the Defendants and alleges and says:

1.      The Plaintiff is a citizen and resident of North Carolina and has resided in Carteret County for more than six (6) months next preceding the institution of this action.

2.      The Defendants are citizens and residents of Carteret County, North Carolina. The Defendant Alex V. Willis, Sr. is the father of the Defendant Alex V. Willis, Jr.

3.      The Defendant Alex V. Willis Sr. is the adoptive father of the Plaintiff and was formerly married to the Plaintiff's mother, Tina Willis. During that marriage, the Plaintiff and his mother lived in the Defendant Alex V. Willis's home.

4.      The home referenced in the preceding paragraph is situated upon real estate more particularly described as follows:

> _Being all of lot #15, Section F, as shown on map of Earl C. Davis property and recorded in Map Book 11 page 56, Carteret County Registry._

This real estate was acquired by Alex V. Willis, Sr. by deed found in Book 620, page 49 of the Carteret County Registry dated 27 September 1989.

5.      The Defendant Alex V. Willis Sr. also owns two lots on State Road 1335 in the Harkers Island community, more specifically described as follows:

> _Tract 1:  Beginning at a point in the western right of way margin of State Road 1335 which point of beginning is located South 64-20-50 East 522.20 feet from a point where the centerline of State Road 1424 intersects with the centerline of State Road 1335; thence from said point of beginning and along the northern margin of a dirt road, South 30-57-50 West 60 feet to an iron pipe; thence South 20-55-08 West 66.9 feet to an iron pipe; then North 65-01-18 West 119.94 feet to a point; thence North 20-53-48 West 43.48 feet to a point; thence North 59-39-47 East 175 feet to the western right of way of State Road 1335 South 23-04-28 71.44 feet to the point or place of beginning._

*And being the same property as shown on that survey prepared by Powell Surveying Company entitled "Survey for Alex Willis" and dated November 21, 1985.*

*Tract 3: Beginning at a point in the western right-of-way margin of Sate Road 1335 which point of beginning is located S 64-20-50 E 522.20 feet from a point where the centerline of State Road 1424 intersects with the centerline of State Road 1335; thence from said point of beginning and along the northern margin of a dirt road S 30-57-50 W 60 feet to an iron pipe; thence S 20-55-08 W 66.9 feet to an iron pipe; thence N 65-01-18 W 119.94 feet to a point; thence N 20-53-48 E 175 feet to the western right-of-way margin of State Road 1335; thence along the western right-of-way of State Road 1335; thence along the western right-of-way of State Road 1335 S 23-04-28 E 71.44 feet to the point or place of beginning and being the same property as shown on that survey prepared by Powell Surveying Company and entitled Survey for Alex Willis and dated November 21, 1985.*

The Defendant Alex V. Willis, Sr. acquired this real estate by deed found in Book 601, page 429 of the Carteret County Registry dated 28 December 1988.

6.     From about 1998 until about 2002, the Defendant Alex V. Willis, Sr. repeatedly and brutally sexually molested the Plaintiff. Said molestation included, among other things, repeated acts of oral sex.

7.     As a result of Alex V. Willis, Sr.'s molestation of the Plaintiff, the Plaintiff did, on 28 June 2004 file a complaint in a Carteret County proceeding entitled <u>Gregory B. Willis, Plaintiff v. Alex V. Willis, Defendant</u> bearing Carteret County File # 04-CvS-711. Said complaint sought damages from the Defendant Alex V. Willis based upon indecent liberties, sexual assault and intentional infliction of emotional distress as more particularly described in the complaint in 04-CvS-711.

8.     Gregory Willis was represented in 04-CvS-711 by J. Randal Hunter and Stephen M. Valentine. Alex V. Willis, Sr. was represented by L. Patten Mason.

9.     Shortly after the Plaintiff's mother learned of these sexual assaults she moved herself and the Plaintiff out of Alex V. Willis, Sr.'s home. The Plaintiff subsequently recorded a conversation between himself and the Defendant Alex V. Willis, Sr. in which Alex V. Willis, Sr. acknowledged these assaults.

10.     Pursuant to a court order entered in 04-CvS-711, Mr. Hunter did, on 8 June 2006, provide to Mr. Mason, a copy of said taped conversation.

11.     Thereafter, Mr. Mason prepared a deed pursuant to which the Defendant Alex V. Willis, Sr. transferred a one-half undivided interest in the three tracts of real estate hereinabove described to the Defendant, Alex V. Willis, Jr. This deed was executed on 21 December 2006 (showing no revenue stamps) and recorded at Book 1204, page 35 of the Carteret County Registry.

12.     Thereafter, Mr. Mason prepared a second deed pursuant to which the Defendant Alex V. Willis, Sr. transferred his remaining one-half interest in the above referenced real estate to his son, the Defendant Alex V. Willis, Jr.   This is the above referenced real estate to his son, the Defendant Alex V. Willis, Jr. This deed was executed on 12 January 2007, showing revenue stamps of $20.00 and is recorded at Book 1206, Page 306 of the Carteret County Registry. Therefore, the Defendant Alex V. Willis, Sr. has transferred to the Defendant Alex V. Willis, Jr. all of his interest in these tracts of land.

13.     A trial in 04-CvS-711 was the number one matter scheduled in Carteret County Superior Court 10 December 2007.  On that date, the Defendant Alex V. Willis, Sr. signed a Confession of Judgment in favor of Gregory B. Willis for $120,000.00 with the further provision that said judgment: "if not sooner paid would be recorded on 10 March 2008."

14.     After Defendant Alex V. Willis, Sr. was sued in 04-CvS-711, the Defendant Alex V. Willis, Sr. and the Defendant Alex V. Willis, Jr. agreed to defraud the Plaintiff.

15.     On 21 December 2006 and, again on 12 January 2007, the Defendants committed a tortious act in furtherance of their agreement to defraud the Plaintiff through the execution of the above referenced deeds.

16.     After the execution and filing of the above referenced deeds, Defendant Alex V. Willis, Sr. retained possession and control of all three tracts of land which tracts include the residence in which Alex V. Willis, Sr. lives and the boatyard out of which Alex V. Willis, Sr. conducts his business of building boats.

17.     The tortious acts committed by the Defendants in furtherance of the agreement to defraud the Plaintiff were, themselves fraud.  In support thereof, the Plaintiff alleges further as follows:

a)     The transfer of this property was made with the intent to hinder, delay or defraud the Plaintiff as a creditor of Alex V. Willis, Sr. (N.C.G.S. 39 – 23.(a)(1)).

b)     The transfer was to an insider. (N.C.G.S. 39 – 23.4(b)(1)).

c)     The debtor, Alex V. Willis, Sr. retained possession or control of all of this property even after the transfer. (N.C.G.S. 39 – 23.4(b)(2).

d)     The transfer of this property was concealed from the Plaintiff, most particularly in the negotiations regarding the settlement of the civil suit set forth above, wherein the Defendant, Alex V. Willis, Sr. represented to the Plaintiff that he had no significant property from which a judgment could be satisfied thereby persuading the Plaintiff to resolve his civil claim as set forth herein.

e)     The transfer was made at a time after Alex V. Willis, Sr. had been sued. (N.C.G.S. 39 - 23.4(b)(4)).

f)     The transfer was of substantially all of the assets of Alex V. Willis, Sr. (N.C.G.S. 39 – 23.4(b)(5)).

g)   The Plaintiff is informed and believes that by this transfer, Alex. V. Willis, Sr., became insolvent. (N.C.G.S. 39 – 23.4(b)(9)).

h)   The transfer occurred shortly before a substantial debt in the nature of a confession of judgment was incurred by Alex V. Willis, Sr. (N.C.G.S. 39 – 23.4(b)(12)).

i)   The transfer was made without Alex V. Willis, Sr. receiving reasonably equivalent value in exchange for the transfer and Mr. Willis, Sr. reasonably should have believed that he was about to incur debts beyond his ability to pay. (N.C.G.S. 39 – 23.4(b)(12)).

18.   By transferring all of his interest in the above referenced real estate to his son, the Defendant Alex V. Willis, Sr. has attempted to defraud the Plaintiff, Gregory Willis who is now a creditor, by placing said real estate beyond the Carteret County sheriff's power of execution to pay the above referenced judgment in the amount of $120,000.00.

19.   The Plaintiff is entitled to have both the 21 December 2006 and the 12 January 2007 deeds from the Defendant Alex V. Willis, Sr. to the Defendant Alex V. Willis, Jr. set aside as void in accordance with the provisions of N.C.G.S. §39 – 23.1 et seq. and the Common Law of the State of North Carolina. Furthermore, the Plaintiff is in need of an order of this court restraining and prohibiting both of these Defendants from transferring any interest in this property whatsoever pending further hearings pursuant to N.C.G.S. 39 – 23.7(3)(a). These Defendants have already demonstrated the intent to transfer property fraudulently without regard to the claims of the Plaintiff. Unless they are restrained from transferring any interest in this property, there is a substantial possibility that the Plaintiff would be deprived of any remedy that he has under the Confession of Judgment executed in the previous lawsuit and under the terms of this lawsuit. The Plaintiff has no adequate remedy at law save this injunctive relief and he will be irreparably harmed unless it is granted. Furthermore, the Plaintiff is in need of an order of this court allowing him to execute on these real property assets transferred as set forth herein pursuant to N.C.G.S. 39 – 23.7(b).

20.   The Plaintiff has suffered damages in excess of $10,000.00 from this civil conspiracy and fraudulent conveyances by the Defendant Alex V. Willis, Sr. to his son the Defendant Alex V. Willis, Jr.

21.   Because of the aggravated and egregious nature of the actions of the Defendants, the Plaintiff is also entitled to punitive damages.

22.   The Plaintiff is entitled to have and recover of the Defendants his reasonable attorney's fees as contemplated by N.C.G.S. 39 – 23.7(a)(3) which were necessitated by the fraudulent acts of the Defendants as above described.

**WHEREFORE**, the Plaintiff prays that the Court will grant the following relief:

1.   That the 21 December 2006 deed from the Defendant Alex V. Willis, Sr. to the Defendant Alex V. Willis, Jr. recorded in Book 1204, page 35 of Carteret County Registry be set aside as void in accordance with N.C.G.S. 39 – 23.1 et seq. and the Common Law of the State of North Carolina.

2.      That the 12 January 2007 deed from the Defendant Alex V. Willis, Sr. to the Defendant Alex V. Willis, Jr. recorded in Book 1206, page 306 of Carteret County Registry be set aside as void in accordance with N.C.G.S. 39 – 23.1 et seq. and the Common Law of the State of North Carolina.

3.      That the Plaintiff recover compensatory damages of the Defendants for civil conspiracy and fraud in excess of $10,000.00.

4.      That the Plaintiff recover punitive damages of the Defendants for civil conspiracy and fraud in excess of $10,000.00.

5.      That the plaintiff be granted an ex parte, immediate temporary restraining order restraining and prohibiting the defendants from transferring any further interest in this property pursuant to North Carolina General Statute 39-23.7(3½).

6.      That the plaintiff be allowed to execute on the property transferred between these defendants pursuant to North Carolina General Statute 39-23.7(b).

7.      That the Plaintiff have such other and further relief as to the Court seems just and proper.

This the 14th day of April, 2008.

VALENTINE & MCFADYEN, P.C.

BY: _____

STEPHEN M. VALENTINE
Attorney for Plaintiff
State Bar Number: 9506
306 Cedar Street
Beaufort, North Carolina 28516
Telephone:  (252) 504-4158

BY: _____

J. RANDAL HUNTER
Attorney for Plaintiff
State Bar Number:  8825
310 George Street
New Bern, NC 28563
Telephone: (252) 672- 3222

NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE

CARTERET COUNTY     SUPERIOR COURT DIVISION
FILE NO.   08 CVS 541

GREGORY B. WILLIS,       )
      Plaintiff            )
                       )
      vs.               )     **SUMMARY JUDGMENT**
                       )
ALEX V. WILLIS, SR., AND    )
ALEX V. WILLIS, JR.,       )
      Defendant         )

        THIS CAUSE came on before the Honorable Russell Lanier, Superior Court

Judge, presiding over the 16 February 2009, jury term of the Pamlico County Superior Court.

This cause came on for hearing on the plaintiff's motion for summary judgment. The court, after

reviewing the pleadings, all materials offered in support of and in opposition to summary

judgment, and hearing from counsel for the plaintiff and the defendants, finds and concludes as

follows:

## FINDINGS OF FACT

1.         This action was begun by a complaint filed by the plaintiff in the Carteret County

Superior Court. Summons was duly issued and the complaint and summons were served on both

defendants.

2.         The defendants filed an answer in this cause on 12 June 2008.

3.         On 20 January 2009, the plaintiff filed a motion for summary judgment. The

motion for summary judgment was served on counsel for the defendant.

4.         On 10 February 2008, the defendants filed an affidavit in opposition to the

plaintiff's motion for summary judgment.

5.         This case was regularly and duly scheduled and calendared for trial before the

undersigned Superior Court Judge, pursuant to a notice and calendar request filed by the

plaintiff and served on counsel for the defendant. When the case was called for hearing, the

plaintiff was present in court and represented by counsel, J. Randal Hunter and Stephen M.

Valentine. The defendants were not present in court but were represented by counsel, L. Patten

Mason. Both parties argued to the court regarding summary judgment, through counsel. The plaintiff offered in support of the motion for summary judgment various deeds and the depositions of Alex Willis, Sr., and Alex Willis, Jr. The defendants offered the affidavit filed on 10 February 2009.

6.  There is no genuine issue of material fact as to the following:

a)  Gregory B. Willis is a creditor of Alex V. Willis, Sr., by way of a confession of judgment in the amount of $120,000.00 entered in Carteret County Superior Court Case number 04 CVS 711.

b)  On 21 December 2006, Alex V. Willis, Sr., executed a deed transferring a one half interest in all real property owned by him to his son, Alex V. Willis, Jr. That deed is recorded at book 1204, page 35, in the office of the Carteret County Register of Deeds.

c)  On 21 January 2007, Alex V. Willis, Sr., executed a deed transferring his remaining one half interest in all of his real property to his son, Alex V. Willis, Jr. This deed is recorded at book 1206, page 306 in the office of the Register of Deeds of Carteret County.

d)  Alex V. Willis, Jr., is an insider in that he is the son of Alex V. Willis, Sr., and lives with him.

e)  The net value of the real estate was sufficient to satisfy the judgment entered on behalf of this plaintiff in 04 CVS 711. Mr. Willis, Sr., estimates the value of the "boat house property" (one tract transferred to Willis, Jr.) to be $600,000.00. He estimates the debt on the property to be $80,000.00.

f)  Alex V. Willis, Sr., owns no other substantial property. He maintains no bank account in his own name. He deposits his earnings and money into an account held solely in the name of Alex V. Willis, Jr. He owns an interest in a boat building corporation. That corporation owns four boat hulls in various stages of construction. Mr. Willis, Sr., has received no offers to purchase two of the hulls. He has received one offer to purchase one hull in the amount of $50,000.00 and a second offer to purchase a second hull in the amount of $22,000.00. Neither of these sales would generate enough funds to pay the judgment entered in 04 CVD 711.

g)    Alex V. Willis, Sr., received nothing from his son for the transfer of this property. Willis, Jr., executed no note or other document signifying any debt owed to his father for the property.

h)    Alex V. Willis, Sr., remains in possession and control of the property. He lives in a house on one parcel of property that he has occupied for thirty two years. He continues to be responsible for tax payments and other costs associated with the maintenance of the property. Willis, Jr., owes no responsibility for any debt on the property, insurance, taxes or any other form of financial liability for the property.

I)    Willis, Sr. has maintained possession and control of the boat house property and continues to operate his boat building and repair business out of the building on that real estate as he has done for many years.

j)    Though Willis, Sr., was actively involved in litigation with this plaintiff in 04-CVS-711 at the time of the transfers set forth above, he did not disclose these transfers to the plaintiff while representing to counsel for the plaintiff that he did not have sufficient assets to satisfy any judgment in 04-CVS-711. At the time of the entry of the judgment of 04-CVS-711, Willis, Sr., knew that all of his real property had already been transferred and that this real property would have otherwise been subject to the plaintiff's claims against him.

k)    The transfer of this property made Willis, Sr., insolvent.

l)    Alex V. Willis, Sr., transferred this property so that this plaintiff, Gregory B. Willis, his adopted son, could receive no benefit from it.

## CONCLUSIONS OF LAW

1.    This court has jurisdiction over the parties and over the subject matter of this action.

2.    Both parties have good and adequate notice of this hearing.

3.    The transfer of property from Alex V. Willis, Sr., to Alex V. Willis, Jr., as set forth in the deed dated 21 December 2006 and recorded at book 1204, page 35, and a transfer of property in a deed dated 12 January 2007, and recorded at book 1206, page 306, were done and performed by Alex V. Willis, Sr., with the intent to hinder, delay or defraud a creditor, Gregory B. Willis.

3

4.          Alex V. Willis, Sr., did not receive a reasonable and equivalent value in exchange for these transfers.

5.          Transfer of the property by way of the deeds set forth above from Alex V. Willis, Sr., to Alex V. Willis, Jr., was fraudulent.

6.          The plaintiff is entitled to summary judgment pursuant to North Carolina General Statute 1A-1, Rule 56.

7.          The plaintiff is entitled to an order of this court setting aside is entitled to an order of this court setting aside these conveyances and allowing Gregory B. Willis to execute on the property set forth above.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.          The plaintiff's motion for summary judgment is allowed.

2.          The conveyance set forth in the deed dated 21 December 2006, and recorded at book 1204, page 35 of the Carteret County Registry, shall be, and is hereby set aside, as of the date of the transfer.  This deed and transfer shall have no effect whatsoever.

3.          The transfer of property set forth in the deed dated 12 January 2007, recorded at 1206, page 306 of the Carteret County Registry, shall be, and is hereby set aside, as of the date of the transfer.  The transfer set forth in this deed shall have no force and effect whatsoever.

4.          Both parcels of property set forth in the deeds as described above shall be, and are hereby made subject to execution by Gregory B. Willis in satisfaction of the judgment entered in his favor in Carteret County Superior Court Case Number 04 CVS 711.

This the 15th day of April, 2009 for 16 February 2009.

THE HONORABLE RUSSELL LANIER
DISTRICT COURT JUDGE
3B  JUDICIAL DISTRICT
STATE OF NORTH CAROLINA

4



EXHIBIT
E

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

In the Matter of:                                    Case No.:
**ALEX VERL WILLIS**                                 **09-02990-8-RDD**
Debtor.                                              Chapter 13

---

**GREGORY B. WILLIS,**          )
Plaintiff               )
                                )
vs.                             )          Adversary Proceeding No.
                                )          **11-_____-8-RDD**
**ALEX V. WILLIS,**             )
Defendant.              )
_____ )

## COMPLAINT

COMES NOW Gregory B. Willis, by and through his undersigned counsel of record, and complaining of the acts of Defendant alleges and states as follows:

1.      This adversary proceeding relates to the Chapter 11 bankruptcy case of Alex Verl Willis, Case No. 09-02990-8-RDD, filed April 13, 2009 in the United States Bankruptcy Court for the Eastern District of North Carolina.

2.      This Court has jurisdiction to adjudicate this dispute pursuant to 28 U.S.C. §§ 151, 157 and 1334 and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This adversary proceeding is brought pursuant to Federal Rule of Bankruptcy Procedure 7001, *et seq.* and 11 U.S.C. § 1328(a)(4). This is a core proceeding within the meaning of 28 U.S.C. § 157, which this Court may hear and determine.

3.      The Plaintiff is an individual residing in Johnston County, North Carolina and a creditor and party-in-interest in the above-captioned Chapter 13 proceeding.

4.      Defendant is an individual residing in Harkers Island, Carteret County, North Carolina and the Debtor in the above-captioned Chapter 13 proceeding.

5.      The deadline for Plaintiff to file an action related to the dischargeability of a debt is March 31, 2011 and this action is timely filed.

### FACTS
#### Relationship between Plaintiff and Defendant

6.      The Plaintiff is the son of Tina L. Willis. Ms. Willis married the Defendant on July 24, 1993. Defendant adopted the Plaintiff sometime in 2000. Tina Willis and Defendant are now divorced.

7.      At various times relevant to this action, Defendant intentionally committed unwarranted and offensive sexual contact with the Plaintiff as set forth in that Complaint filed by Plaintiff in the Superior Court of Carteret County on July 1, 2004. The Complaint initiated that civil action captioned *Gregory B. Willis v. Alex V. Willis*, File No. 04-CVS-711, Carteret County Superior Court. A true and accurate copy of this Complaint is attached hereto as Exhibit A, and incorporated herein by reference.

8.      The Complaint alleged that the subject conduct constituted indecent liberties and sexual assault against Plaintiff pursuant to N.C.G.S. § 14-202.1, and sought compensatory and punitive damages in excess of $10,000.

9.      The Complaint was served on Defendant and following certain discovery Defendant executed a Confession of Judgment in the principal amount of $120,000. This Confession of Judgment, together with a settlement agreement executed by Defendant, provided that Defendant was to pay Plaintiff the sum of $120,000 no later than March 10, 2008 in settlement of the claims set forth in the Complaint. Defendant did not comply with the parties' settlement, and the Confession of Judgment was recorded in Carteret County on March 24, 2008. A true and accurate copy of the Confession of Judgment is attached hereto as Exhibit B, and incorporated herein by reference.

10.     Upon the filing of the Defendant's Chapter 13 petition, the recorded confession constituted a judgment claim against the Defendant and Plaintiff has filed a proof of claim asserting said claim. The recorded judgment also serves to encumber all real estate owned by Defendant in Carteret County.

2

### FIRST CAUSE OF ACTION
#### 11 U.S.C. § 1328(a)(4) – Nondischargeability of Debt

11.    The Plaintiff incorporates the allegations in the preceding paragraphs.

12.    Section 1328(a)(4) of the United States Bankruptcy Code, 11 U.S.C. § 1328(a)(4), states, in pertinent part, that upon completion of a debtor's Chapter 13 plan:

> . . . [T]he court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt –
>
> . . .
>
> (4)    for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

13.    The civil damages awarded Plaintiff for the conduct set forth herein, and as described in that action captioned *Gregory B. Willis v. Alex V. Willis*, File No. 04 CVS 711, Carteret County Superior Court, represent a nondischargeable obligation in accordance with 11 U.S.C. § 1328(a)(4).

**WHEREFORE**, the Plaintiff prays the Court for the following relief:

1.    That the debt and obligation represented by the Confession of Judgment be declared nondischargeable in accordance with the provisions of 11 U.S.C. § 1328.

2.    That the Court tax the costs of this action against the Defendants; and

3.    That the Court provide such other and further relief as the Court may deem just and proper.

This the 14th day of February, 2011.


AYERS & HAIDT, P.A.

BY:  *lsl David J. Haidt*
David J. Haidt
N.C. State Bar No. 22092
Attorneys for the Plaintiff
P.O. Box 1544
New Bern, NC 28562
(252) 638-2955 telephone
(252) 638-3293 facsimile
ayershaidt@embarqmail.com

3

NORTH CAROLINA

_Wake_ COUNTY


I, Gregory B. Willis, first being duly sworn, depose and say that I have read the foregoing Complaint and the allegations therein are true according to the best of my knowledge, information and belief, and as to those matters and things stated upon information and belief, I believe them to be true.


By: _____
Gregory B. Willis



Sworn to and subscribed before
me this the _10_ day of
February, 2011.

_Rebecca Smith_
Notary Public
My Commission Expires:
_4/17/2011_

4

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

In re:  ALEX V. WILLIS,                                    Case No: 19-02160-5-DMW

**Debtor.**                                                      **Chapter 13**

**NOTICE OF MOTION TO CONVERT**
**TO CHAPTER 7 OR DISMISS CASE**

NOW COMES Gregory Willis ("Willis"), by and through his undersigned counsel, has filed papers with the court requesting relief from the automatic stay.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the motion, or if you want the court to consider your views on the motion, then on or before **June 13, 2019**, unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing.  The Court's mailing address is:

Clerk, U.S. Bankruptcy Court
Eastern District of North Carolina
PO Box 791
Raleigh, NC 27602

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:

Roger A. Moore, Esq.                          Alex Verl Willis, Sr.
PO Drawer 886                                 399 Diamond City Drive
Jacksonville, NC 28540                        Harkers Island, NC 28531
*Attorney for Debtor*                         *Debtor*

Joseph A. Bledsoe, III, Esq.
PO Box 1618
New Bern, NC 28563
*Trustee*

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

DATED: May 20, 2019

/s/ Christopher J. Waivers
Christopher J. Waivers
NC Bar No. 48283
cwaivers@whiteandallen.com
John C. Bircher III
NC Bar No. 24119
jbircher@whiteandallen.com
White & Allen, P.A.
P.O. Drawer U
New Bern, NC  28563
252.638.5792
252.637.7548 fax

CERTIFICATE OF SERVICE

I, Christopher J. Waivers, Post Office Drawer U, New Bern, North Carolina 28563, certify that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age. That on the May 20, 2019, I served copies of the foregoing **NOTICE OF MOTION and MOTION TO CONVERT TO CHAPTER 7 OR DISMISS CASE** on the parties listed below, by depositing a copy of the same in the United States mail bearing sufficient postage or via court electronic service (CM/ECF).  I certify under penalty of perjury that the foregoing is true and correct.

DATED: May 20, 2019

/s/ Christopher J. Waivers
Christopher J. Waivers
White & Allen, P.A.
P.O. Drawer U
New Bern, NC  28563
252.638.5792
252.637.7548 fax
N.C. State Bar # 48283
cwaivers@whiteandallen.com

Roger A. Moore, Esq.
PO Drawer 886
Jacksonville, NC 28540
*Attorney for Debtor*

Joseph A. Bledsoe, III, Esq.
PO Box 1618
New Bern, NC 28563
*Trustee*

Alex Verl Willis, Sr.
399 Diamond City Drive
Harkers Island, NC 28531
*Debtor*

Attached matrix.

Bankruptcy Administrator, EDNC
434 Fayetteville Street
Suite 640
Raleigh NC 27601-1888

```
Label Matrix for local noticing        U. S. Bankruptcy Court                  American Express Bank, FSB
0417-5                                  300 Fayetteville Street, 4th Floor      Attn: Manager, Agt or Officer
Case 19-02160-5-DMW                     P.O. Box 791                           World Financial Center
Eastern District of North Carolina     Raleigh, NC 27602-0791                 200 Vesey Street
Raleigh                                                                        New York, NY 10285-1000
Mon May 20 15:53:50 EDT 2019

Attorney General                       (p)BANKRUPTCY ADMINISTRATOR EDNC        Carteret Co. Sheriff
950 Pennsylvania Avenue NW             434 FAYETTEVILLE STREET                 Attn: Lt. Kristopher Jensen
Washington, DC 20530-0009             SUITE 640                               PO Drawer 239
                                       RALEIGH NC 27601-1888                   Beaufort, NC 28516-0239


Carteret County Attorney               Carteret County Courthouse              Carteret County Tax Collector
Calud Wheatly III                      300 Court House Square                  Attn: Manager, Agent, Officer
710 Cedar Street                       Beaufort, NC 28516-6709                 302 Court House Sq
Beaufort, NC 28516-1906                                                        Beaufort, NC 28516-6709


Charter Communications                 Diversified Consultants, Inc.           Greg Willis
Attn: Manager, Agent, Officer          Attn: Manager, Agent, Officer           Attn: Manager, Agent, Officer
10550 Deerwood Park Blvd               PO Box 679543                           c/o Stephen Valentine
Jacksonville, FL 32256-0596            Dallas, TX 75267                        306 Cedar Street
                                                                               Beaufort, NC 28516-1805


Internal Revenue Service               Josh Stein, Attorney General            LVNV Funding, LLC
Attn: Manager, Agent, Officer          State of NC                             Resurgent Capital Services
P.O. Box 7346                          9001 Mail Service Center                PO Box 10587
Philadelphia, PA 19101-7346            Raleigh, NC 27699-9001                  Greenville, SC 29603-0587


LVNV Funding/Resurgent Capital         NC Dept of Revenue                      NC Dept. of Commerce, DES
Attn: Manager, Agent, Officer          Office Services Division                Attn:  Manager or Agent
PO Box 10497                           Attn:  Bankruptcy Unit                  P.O. Box 26504
Greenville, SC 29603-0497              P.O. Box 1168                           Raleigh, NC 27611-6504
                                       Raleigh, NC 27602-1168


North Carolina Department of Revenue   Secretary of Treasury                   Securities & Exchange Comm
Bankruptcy Unit                        ATTN: Managing Agent                    Office of Reorganization
PO Box 1168                            1500 Pennsylvania Ave NW                950 E Paces Ferry Rd NE 900
Raleigh, NC 27602-1168                 Washington, DC 20220-0001               Atlanta, GA 30326-1382


Tina Willis                            United States Attorney                  Wells Fargo Home Mortgage
315 Jared Drive                        ATTN: Civil Process Clerk               Attn: Manager, Agent, Officer
Angier, NC 27501-6979                  310 New Bern Avenue                     P.O. Box 10335
                                       Federal Bldg Suite 800                  Des Moines, IA 50306-0335
                                       Raleigh, NC 27601-1461


Alex Verl Willis Sr                    Gregory Willis                          Joseph A. Bledsoe III
399 Diamond City Drive                 c/o  J.Randy Hunter                     PO Box 1618
Harkers Island, NC 28531-9512          310 George Street                       New Bern, NC 28563-1618
                                       New Bern, NC 28562-5682



Roger A. Moore
PO Drawer 886
Jacksonville, NC 28541-0886
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Bankruptcy Administrator              End of Label Matrix
Attn: Marjorie Lynch                  Mailable recipients    27
434 Fayetteville Street               Bypassed recipients     0
Suite 640                             Total                  27
Raleigh, NC 27601
```